EASTERN DISTRICT of KENTUCKY
TENDERED
DATE _____ 7-8-13
ROBERT R. CARR
CLERK U S DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**ASHLAND**

Eastern District of Kentucky
**F I L E D**

JUL – 8 2013

AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

**CRIMINAL ACTION NO. 0:13-7-DLB**

UNITED STATES OF AMERICA                                    PLAINTIFF

V.                            **PLEA AGREEMENT**

JUNIA KAY RATLIFF                                           **DEFENDANT**

\*   \*   \*   \*   \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count 1 of the Indictment, charging a violation of 42 U.S.C. §1383a(a)(3), failing to disclose an event to secure Supplemental Security Income to which she was not entitled. Pursuant to Rule 11(c)(1)(A), the United States will move at sentencing to dismiss Count 2.

2. The essential elements of Count 1 are:

(a) The Defendant had knowledge of the occurrence of an event affecting her initial or continued right to receive Supplemental Security Income ("SSI") payments from the Social Security Administration ("SSA");

(b) The Defendant concealed or failed to disclose such an event;

(c) The Defendant did so with the intent to fraudulently secure such payments in a greater amount than was due to her.

3. As to Count 1, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt. The Defendant admits these facts, and all of the facts alleged in the Indictment, are true:

(a)  From in or about November 1999, through in or about March 2012, the Defendant collected greater SSI benefits than she was entitled to by law.  The Defendant did so by repeatedly advising the SSA that she lived separately from, and did not share financial resources with, her husband, Randall Dale Ratliff.  In fact, as the Defendant knew, she was living and sharing financial resources with her husband in the Eastern District of Kentucky.  The Defendant made these false statements on various documents submitted to, and during in-person meetings with, the SSA, knowing that the statements would be used to determine her eligibility to collect SSI and Medicaid.

(b)  The Defendant intentionally concealed her living arrangements and financial resources from the SSA because she knew her husband's income and financial resources would reduce her SSI and Medicaid eligibility.  As a result, the Defendant received an overpayment of $66,415.00 in SSI benefits and $84,407.55 in Medicaid benefits.

4.  The maximum statutory punishment for the offense is imprisonment for not more than 5 years, a fine of not more than $250,000, and a term of supervised release of not more than 3 years.  A mandatory special assessment of $100 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk when the plea is entered.

5.  Pursuant to Rule 11(c)(1)(B), the parties recommend the following Sentencing Guidelines calculations, and they may object to or argue in favor of other calculations. The Defendant reserves the right to argue for a downward variance. These recommendations do not bind the court.

(a)  The United States Sentencing Guidelines (U.S.S.G.), November 1, 2012 manual, will determine the Defendant's guideline range.

(b)  Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes, but is not limited to, the facts set forth in this plea agreement.

(c)  Pursuant to U.S.S.G. § 2B1.1, the base offense level is 6.

(d)  Pursuant to U.S.S.G. § 2B1.1(b)(1), increase the offense level by 10 levels for a loss of more than $120,000 but not more than $200,000.

(e)  Pursuant to U.S.S.G. § 3E1.1, and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility.  If the offense level determined prior to this two-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of her intent to plead guilty.

(f)  Pursuant to U.S.S.G. § 5E1.1, and 18 U.S.C. § 3663, the parties agree that restitution is $150,822.55.  Of this amount, $66,415.00 should be paid to the Social Security Administration and $84,407.55 should be paid to the Kentucky Cabinet for Health and Family Services, Division of Family Support.

> Social Security Administration
> Debt Management Section
> ATTN: Court Refund
> PO Box 2861
> Philadelphia, PA 19122
>
> Kentucky Cabinet for Health and Family Services
> Division of Family Support
> Claims Section
> 275 E. Main Street, 3E-I
> Frankfort, KY 40621

6.  No agreement exists regarding the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7.  The Defendant waives the right to appeal the guilty plea, conviction, and sentence, including any order of restitution.

8.  After pleading guilty, the Defendant will make a full and complete financial disclosure to the United States and will assist the United States in the gathering of all financial information.  The Defendant will complete and sign a financial disclosure

3

statement or affidavit, will sign financial releases prepared by the United States, and will submit to a deposition in aid of collection at times and places that the United States directs. The Defendant agrees that any unpaid penalty will be submitted to the United States Treasury for offset. If the Defendant fails to comply with any of the provisions of this paragraph, the United States will not move the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may in its discretion argue to the Court that the Defendant should not receive a two-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a).

9. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

10. This document and the sealed supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

11. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

12. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

4

KERRY B. HARVEY
UNITED STATES ATTORNEY

Date: _____4/8/13_____          By: _____, AUSA

Christopher L. Nasson
Assistant United States Attorney


Date: _4-8-13_____          _____

Junia Kay Ratliff
Defendant


Date: _4/8/13_____          _____

C. David Mussetter, Esq.
Attorney for Defendant


**APPROVED**, this 8th day of _____JULY_____, 2013.

_____

UNITED STATES DISTRICT JUDGE

5